RuefiN, Chief-Justice
 

 after stating the pleading and proofs as above, proceeded as follows :
 

 The objection to the plaintiff's case is, that the proof of her title is insufficient.
 

 It is the genera] understanding and course to receive the return of the sheriff, and his deed, as
 
 prima facie
 
 evidence of the sale, and that the land conveyed is that sold. It is not intended to question the propriety of this practice. It rests upon the notion, that the deed and acts of officers import verity, because the officer is supposed to have full means of personal knowledge, and that he does know the facts affirmed by him, and that his affirmation is true, since he is under the obligation of an oath— Whether this is to be carried to the extent, that the recitals in the deed of a succeeding Sheriff, of the acts of his predecessor, is evidence of those acts, this case does not call upon us to say; for, at all events, the presumption cannot stand against direct proof, that the new Sheriff knows not, whether what lie has said be true or false.— Hero the Sheriff, who made the deed, himself proves, that he had no knowledge of any one of the material facts constituting the plaintiff’s right to call for a deed for the land conveyed to her
 
 ;
 
 and that he made the deed upon her own word only, that she purchased at all and purchased this particular land. The truth of those facts can no. longer be inferred from the deed, since the whole
 
 *326
 
 ground of inference is.destroyed by the express evidence. It is then necessary that the plaintiff’s purchase, anil the identity of the land sold and that conveyed, should ho proved hy evidence independent.of the Sheriff’s deed. The return on the execution does not establish them. As at first made it furnishes nothing upon the subject. Admitting that five years after the return, and the expiration of the Sheriff’s office, and after the new Sheriff had made a deed, the deputy who executed the process could amend the return, and that as amended it would be evidence between these parties ; yet in this case it describes the land which the plaintiff is therein stated to have purchased, in terms so extremely vague, that it is impossible, hy comparing that with the description in the deed, to ascertain whether the land he the same or not. It would be very unsatisfactory to decree upon such very uncertain proof. Indeed, there is nothing to which that faith can he yielded, which entitles it to the name of evidence; although the fact is one, which, from its nature, is susceptible of clear and direct proof by the testimony of the person who attempted to amend the return, and of others.
 

 If however, the identity of the land were established, there is another radical defect in the plaintiff’s case.— This suit is not to obtain a conveyance from the Sheriff. He is not a party to it. It is against other persons; to the relief against whom a valid deed from the Sheriff is essential. It is her title to the property which she seeks to recover. Such a deed she alleges in the bill she has, and exhibits it. It is not from tiie Sheriff who made the sale, but from his successor.
 

 It is an indulgence to purchasers to allow them to get deeds from a Sheriff, after his office has expired, or from a succeeding Sheriff. The law originally contemplated, that the deed would be immediately made hy the officer who made the sale, and while under the obligation of his oath of office. The act of 176",
 
 ffíev. c.
 
 85,) was the first departure; and from an apprehension of that danger of fraud, which is apparent in this case, that act is confined to anterior purchases, as is also that of 1784.
 
 CBcv,
 
 c. sas, s. 10.) The act of 1799, (lieu. c. 558,)
 
 *327
 
 is the first which embraces future cases ; anil that is indicative of a remaining caution in the Legislature against imposition. By it the Sheriff who sold, as best knowing the truth of the case, is, although out of office, to convey, if he he living and in the State. The succeeding Sheriff personally ignorant of the facts, is authorised to do so only in cases of extreme necessity, when there is no other person in being, capable of conveying or compellable by our courts to convey — that is, where the former Sheriff is dead or has removed out of the State. The power to the successor is a special one and strictly limited. The policy on which it is formed, not less than the limitation itself, forbids the extension of the pet by construction beyond its words.
 

 Here there is no evidence, that at the time of making the deed,
 
 Banner
 
 fiad cither died or removed or has yet done so. There is not even such a recital in the deed itself, if that would do. Thc'deed is therefore a.nullity, and the bill.must be dismissed with costs.
 

 Prr Cusí asi. — Declare that the plaintiff has not proven, that the land described in the bill and in the deed to her in the bill mentioned, dated, &c. is the same land which, it is alleged in the bill, she bought at Sheriff’s sale; and declare further, if it be the same, that
 
 Jlrmfidd,
 
 who executed it, was not the Sheriff who made the said sale, but was a successor to
 
 Banner,
 
 who did make the said sale; and declare that the said deed is void, because the plaintiff hath not chai’ged or proved that the said
 
 Banner
 
 was dead, or had left the State, and therefore dismiss the bill with costs.